MHK

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

**CASE No. 07 C 250**

In Re: )
) MDL 1925 – (Case No. 08 CV 2357)
AIR CRASH AT MEDAN, INDONESIA )
) This filing relates to Case Nos. 08-C-2357
ON SEPTEMBER 5, 2005 ) 08-C 2358, 08-C-2359, 08-C-6017, 07C4954
)
) Judge John F. Grady   08CV2359

## STIPULATION OF DISMISSAL

Plaintiffs in (1) *Adiputra, et al. v. The Boeing Company, et al.*, Case No. 07-CV-0250; (2) *Adi, et al. v. The Boeing Company, et al.*, Case No. 07-CV-4954; (3) *Laksono, et al. v. The Boeing Company, et al.*, Case No. 08-CV-2359, (4) *Kusumo, et al. v. The Boeing Company, et al.*, Case No. 08-CV-2358, and (5) *Douglas Brown, as Administrator of the Estate of Aida Murlina, et al. v. The Boeing Company, et al.*, Case No. 08-CV-6017 (collectively, the "Consolidated Plaintiffs") and Defendants The Boeing Company ("Boeing") and United Technologies Corporation ("UTC"), by and through their undersigned counsel, enter into this Stipulation of Dismissal (the "Stipulation"), and state the following:

WHEREAS, on January 16, 2007, plaintiffs in *Adiputra, et al. v. The Boeing Company, et al.*, Case No. 07-CV-0250, filed a lawsuit in the U.S. District Court for the Northern District of Illinois arising out of the September 5, 2005 crash of Mandala Airlines Flight 091, a Boeing 737-200 aircraft, in Medan, Indonesia (the "*Adiputra* Action");

WHEREAS, on February 14, 2007, plaintiffs in *Justyantoro, et al. v. The Boeing Company, et al.*, Case No. 07-CV-1387, filed a lawsuit in Cook County Circuit Court in Chicago, Illinois, which lawsuit was subsequently removed to the U.S. District Court for the

Northern District of Illinois, arising out of the September 5, 2005 crash of Mandala Airlines Flight 091, a Boeing 737-200 aircraft, in Medan, Indonesia (the "*Justyantoro* Action");

WHEREAS, on August 28, 2007, plaintiffs in *Zu, et al. v. The Boeing Company, et al.*, Case No. 07-CV-4845, filed a lawsuit in the U.S. District Court for the Northern District of Illinois, arising out of the September 5, 2005 crash of Mandala Airlines Flight 091, a Boeing 737-200 aircraft, in Medan, Indonesia (the "*Zu* Action");

WHEREAS, on September 4, 2007, plaintiffs in *Adi, et al. v. The Boeing Company, et al.*, Case No. 07-CV-4954, filed a lawsuit in the U.S. District Court for the Northern District of Illinois, arising out of the September 5, 2005 crash of Mandala Airlines Flight 091, a Boeing 737-200 aircraft, in Medan, Indonesia (the "*Adi* Action");

WHEREAS, on September 4, 2007, plaintiffs in *Kusumo, et al. v. The Boeing Company, et al.*, Case No. 08-CV-2358 (originally Case No. CV-07-05738), filed a lawsuit in the U.S. District Court for the Central District of California, arising out of the September 5, 2005 crash of Mandala Airlines Flight 091, a Boeing 737-200 aircraft, in Medan, Indonesia (the "*Kusumo* Action");

WHEREAS, on November 29, 2007, plaintiffs in *Laksono, et al. v. The Boeing Company, et al.*, Case No. 08-CV-2359 (originally Case No. 07-1907), filed a lawsuit in the U.S. District Court for the Western District of Washington, arising out of the September 5, 2005 crash of Mandala Airlines Flight 091, a Boeing 737-200 aircraft, in Medan, Indonesia (the "*Laksono* Action");

WHEREAS, on September 2, 2008, plaintiffs in *Douglas Brown, as Administrator of the Estate of Aida Murlina, et al. v. The Boeing Company, et al.*, Case No. 08-CV-6017 (originally

Case No. 3:08-CV-1325), filed a lawsuit in the U.S. District Court for the District of Connecticut, arising out of the September 5, 2005 crash of Mandala Airlines Flight 091, a Boeing 737-200 aircraft, in Medan, Indonesia (the "*Brown* Action");

WHEREAS, the *Adiputra* Action, the *Justyantoro* Action, the *Zu* Action, and the *Adi* Action were all assigned, transferred or consolidated before the Honorable John F. Grady in the U.S. District Court for the Northern District of Illinois;

WHEREAS, on April 10, 2008, the United States Judicial Panel on Multi-District Litigation entered an order, pursuant to 28 U.S.C. § 1407, transferring the *Kusumo* Action and the *Laksono* Action for coordinated and consolidated pre-trial proceedings to the Honorable John F. Grady in the U.S. District Court for the Northern District of Illinois; and

WHEREAS, on October 23, 2008, the United States Judicial Panel on Multi-District Litigation entered an order, pursuant to 28 U.S.C. § 1407, transferring the *Brown* Action for coordinated and consolidated pre-trial proceedings to the Honorable John F. Grady in the U.S. District Court for the Northern District of Illinois; and

WHEREAS, Boeing and UTC have filed Defendants' Amended Joint Motion to Dismiss on the Grounds of Forum Non Conveniens [Doc. 68], which seeks dismissal of all of the actions referenced above on the grounds of *forum non conveniens*;

**IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1. The Consolidated Plaintiffs hereby agree to the dismissal of the *Adiputra* Action, the *Adi* Action, the *Kusumo* Action, the *Laksono* Action, and the *Brown* Action without prejudice on the grounds of *forum non conveniens*. The Plaintiffs in the *Justyantoro* and *Zu* actions do not stipulate to the dismissal of their actions on the grounds of *forum non conveniens* and their

3

actions will remain pending in the United States District Court for the Northern District of Illinois unless otherwise ordered by the Court.

2. As a condition of such dismissal, Boeing and UTC agree to accept service of any complaints re-filed in Indonesia by any of the Consolidated Plaintiffs within 180 days after entry of this Stipulation of Dismissal by the Court, by service of such complaint by certified mail on the undersigned counsel for Boeing and UTC or such other counsel or person they wish to specifically designate.

3. As a condition of such dismissal, Boeing and UTC consent to the exercise of jurisdiction over each of them by an Indonesian court, including specifically the Central District Court (*PN Jakarta Pusat*) in Jakarta, Indonesia, for any of the actions originally brought in the *Adiputra*, *Adi*, *Laskono*, *Kusumo*, or *Brown* actions and that are subsequently re-filed in Indonesia by any of the Consolidated Plaintiffs within 180 days after entry of this Stipulation of Dismissal by the Court (hereafter "re-filed action(s)").

4. As a condition of such dismissal, Boeing and UTC each agree, with respect to any re-filed action in Indonesia by any of the Consolidated Plaintiffs within 180 days after entry of this Stipulation of Dismissal by the Court, to waive any statute of limitations defense and any other defense based on the grounds that the Consolidated Plaintiffs' claims are barred due to the passage of time, delay or any other time limitations.

5. As a condition of such dismissal, Boeing agrees to pay, or cause to be paid on Boeing's behalf, any final, post-appeal money judgment awarded against Boeing in any re-filed actions.

6. As a condition of such dismissal, UTC agrees to pay, or cause to be paid on

4

UTC's behalf, any final, post-appeal money judgment awarded against UTC in any re-filed actions.

7. As a condition of such dismissal, Boeing and UTC each agree to make available, in any re-filed action, (a) any physical, documentary or other evidence in its possession, custody or control, and (b) any employee, agent or other witness in its control, that the Indonesian court deems relevant in any re-filed action and orders Boeing or UTC to produce. Boeing and UTC will produce documentary evidence or testimony in the form ordered by the Indonesian court. As a condition of such dismissal, Boeing and UTC agree to have any English-language documents or other evidence in their respective possession, custody, or control that the Indonesian court orders them to produce translated into the Bahasa Indonesian language as required for such evidence to be filed with the Indonesian court or offered as evidence at trial in Indonesia.

8. If any of the above conditions are not complied with by Boeing or UTC, the affected Consolidated Plaintiff(s) shall have the right to move to reinstate this action before this Court as against the non-complying party, provided such motion for reinstatement is filed within sixty (60) days of the alleged violation of the condition.

9. If the Consolidated Plaintiffs initiate re-filed actions in an Indonesian court, they agree to do so in good faith and with the intent that the Indonesian court will hear the merits of their claims against Boeing and UTC. The Consolidated Plaintiffs agree that they will not directly or indirectly assert or otherwise seek a ruling or other determination from an Indonesian court that an Indonesian Court either cannot or should not address the merits of the re-filed actions because the court lacks jurisdiction over the subject matter of the lawsuit or the parties,

5

because the re-filed actions are time-barred in Indonesia, or because some other procedural defense bars them from asserting their re-filed actions. If, despite the good faith efforts of the Consolidated Plaintiffs, Boeing, and UTC to bring the merits of the re-filed actions before an Indonesian court, the Indonesian court refuses to accept the re-filed actions, the affected Consolidated Plaintiff(s) shall have the right to move to reinstate this action before this Court, subject to this Court's determination that the Consolidated Plaintiffs acted in Indonesia in good faith, the Indonesian court order is entitled to recognition, and that all parties complied with the terms and conditions in this Stipulated Dismissal. In such a case, the Consolidated Plaintiffs must move for reinstatement within sixty (60) days of such dismissal by the Indonesian court.

10. Nothing in this Stipulation is intended to prevent Boeing and UTC from raising before an Indonesian court (and obtaining a ruling thereon) the defense of release based on any settlement made by or on behalf of any Consolidated Plaintiff for claims arising out of the crash of Mandala Flight 091 on September 5, 2005.

11. The parties to this Stipulation further stipulate that each party shall bear its own attorneys' fees and costs incurred in the above-captioned actions.

*Allison Kendrick*            Date: 10-30-08
Keith Gerrard, Esq.
Allison Kendrick, Esq.
PERKINS COIE LLP
1201 Third Avenue, 40th FL
Seattle, Washington 98101-3099
Telephone: (206) 359-8000

Counsel for Defendant The Boeing Company

6

_____     Date: _____
William F. DeYoung, Esq.
CHUHAK & TECSON
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 444-9300

*Counsel for Defendant United Technologies Corp.*

_____     Date: 10/30/08
Lewis S. Eidson, Esq.
Curtis B. Miner, Esq.
COLSON HICKS EIDSON
255 Aragon Avenue
Coral Gables, Florida 33134
Tel: 305-476-7400
Fax: 305-476-7444

*Counsel for Plaintiffs in Laksono, et al. v. Boeing, et al.* (W.D. Wash.); *Kusumo, et al. v. Boeing, et al.* (C.D. Cal.); and *Brown, et al. v. Boeing, et al.* (D. Conn.)

_____     Date: _____
Floyd A. Wisner, Esq.
WISNER LAW FIRM
934 S. 4TH Street
St. Charles, IL 60174
Telephone: (630) 513-9434

*Counsel for Plaintiffs in Adi, et al. v. Boeing, et al., Case No. 07-C-4954 (N.D. Ill.) & Adiputra, et al. v. Boeing, et al., Case No. 07-C-0250 (N.D. Ill.)*

_____     Date: 10/30/08
Brian J. Lawler, Esq.
LIEFF GLOBAL LLP
275 Battery Street, 30th FL
San Francisco, CA 94111
Telephone: (415) 788-8000

Date: _____

_____
William F. DeYoung, Esq.
CHUHAK & TECSON
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 444-9300

*Counsel for Defendant United Technologies Corp.*


Date: _____

_____
Lewis S. Eidson, Esq.
Curtis B. Miner, Esq.
COLSON HICKS EIDSON
255 Aragon Avenue
Coral Gables, Florida 33134
Tel: 305-476-7400
Fax: 305-476-7444

*Counsel for Plaintiffs in Laksono, et al. v. Boeing, et al.* (W.D. Wash.); *Kusumo, et al. v. Boeing, et al.* (C.D. Cal.); and *Brown, et al. v. Boeing, et al.* (D. Conn.)

/s/ Floyd A. Wisner                               Date: Nov. 7, 2008
_____
Floyd A. Wisner, Esq.
WISNER LAW FIRM
934 S. 4TH Street
St. Charles, IL 60174
Telephone: (630) 513-9434

*Counsel for Plaintiffs in Adi, et al. v. Boeing, et al.,*
*Case No. 07-C-4954 (N.D. Ill.) & Adiputra, et al.*
*v. Boeing, et al., Case No. 07-C-0250 (N.D. Ill.)*


Date: _____

_____
Brian J. Lawler, Esq.
LIEFF GLOBAL LLP
275 Battery Street, 30th FL
San Francisco, CA 94111
Telephone: (415) 788-8000

7

_____   Date: 11/7/08
William F. DeYoung, Esq.
CHUHAK & TECSON
30 S. Wacker Drive, Suite 2600
Chicago, IL 60606
Telephone: (312) 444-9300

*Counsel for Defendant United Technologies Corp.*


_____   Date: _____
Lewis S. Eidson, Esq.
Curtis B. Miner, Esq.
COLSON HICKS EIDSON
255 Aragon Avenue
Coral Gables, Florida 33134
Tel: 305-476-7400
Fax: 305-476-7444

*Counsel for Plaintiffs in Laksono, et al. v. Boeing, et al.* (W.D. Wash.); *Kusumo, et al. v. Boeing, et al.* (C.D. Cal.); and *Brown, et al. v. Boeing, et al.* (D. Conn.)


_____   Date: _____
Floyd A. Wisner, Esq.
WISNER LAW FIRM
934 S. 4TH Street
St. Charles, IL 60174
Telephone: (630) 513-9434

*Counsel for Plaintiffs in Adi, et al. v. Boeing, et al., Case No. 07-C-4954 (N.D. Ill.) & Adiputra, et al. v. Boeing, et al., Case No. 07-C-0250 (N.D. Ill.)*


_____   Date: _____
Brian J. Lawler, Esq.
LIEFF GLOBAL LLP
275 Battery Street, 30th FL
San Francisco, CA 94111
Telephone: (415) 788-8000

7

*Counsel for Plaintiffs in Adiputra, et al. v. Boeing, et al.*, Case No. 07-C-0250 (N.D. Ill.)

[signature]

Robert J. Nelson, Esq.
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th FL
San Francisco, CA 94111-3336
Telephone: (415) 956-1000

Date: Oct. 29 2008

*Counsel for Plaintiffs in Adiputra, et al. v. Boeing, et al.*, Case No. 07-C-0250 (N.D. Ill.)

SO ORDERED:

[signature]

JOHN F. GRADY
UNITED STATES DISTRICT JUDGE

November 25, 2008

8